UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRA D. WASHINGTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES CONGRESS,<br><br>　　　　　　　Defendant. | NO.  C15-443-JCC-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

## I.　　INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court upon a proposed motion for emergency restraining order filed by Mr. Joseph S. Pigott, who is not the named petitioner in this federal habeas action.  Dkt. 6.  As attachments to his proposed motion, Mr. Pigott also filed a notice purportedly identifying "additional plaintiffs," and a praecipe providing his own address to the Clerk of the Court to receive case notifications.  Dkt. 6, Atts. 1-2.  Because Mr. Pigott has no standing to file the instant motions or bring this federal habeas action on petitioner's behalf, the Court recommends that the Clerk STRIKE these motions and the federal habeas petition be DISMISSED without prejudice.

REPORT AND RECOMMENDATION - 1

## II. PROCEDURAL HISTORY

On March 20, 2015, the instant federal habeas petition was filed, identifying "Ira D. Washington" as the petitioner and the SCORE (South Correctional Facility) in Des Moines, Washington, as his place of confinement. Dkt. 1 at 1. The habeas petition failed to name the correct respondent, the director of the SCORE facility, and incorrectly named the "United States Congress, et al." as respondent. Even more importantly, however, the Court is now aware that the federal habeas petition was not actually signed by the named petitioner, Ira D. Washington. Instead, it is signed by Mr. Pigott, who identifies himself as a "Private U.S. Attorney General of the Government De Jure." Dkt. 1 at 15.

The Court issued an Order dated March 26, 2015 directing Mr. Washington to file an amended habeas petition naming the correct respondent, and granting leave to amend within thirty days. Dkt. 4. On March 30, 2015, the Court's letter to Mr. Washington was returned to the Court by the U.S. Postal Service as undeliverable because Mr. Washington is "not at Score Jail." Dkt. 5.

On April 3, 2015, Mr. Pigott filed the instant proposed motion for emergency restraining order, asking "[t]hat all prisoners be released because the courts framed all petitioners and took their freedom without due process of law[.]" Dkt. 6 at 1. The motion was again signed by Mr. Pigott, along with his notice identifying eleven "additional plaintiffs" for this action, including Mr. Pigott. Dkt. 6, Att. 1. Finally, Mr. Pigott filed a praecipe providing his own mailing address to the Clerk of the Court, presumably to receive case notifications. Dkt. 6, Atts. 2

REPORT AND RECOMMENDATION - 2

### III.   DISCUSSION

#### A.   <u>"Next Friend" Standing</u>

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5).  Typically under the rule, the person authorized to sign on behalf of the petitioner is the petitioner's attorney. *See* Advisory Committee Notes to Rule 2 of the Rules Governing 2254 Cases.

Apart from a petitioner's attorney, a person designated as a petitioner's "next friend" would be authorized to sign a habeas petition on their behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  To qualify for "next friend" status, the person filing the petition on behalf of a petitioner would need to satisfy a two prong analysis.  "Next friends" must first show that the person seeking relief is unable to litigate his or her own cause due to mental incapacity, lack of access to court, or some other disability. *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002).  Second, the person claiming standing must demonstrate that they possess some significant relationship with, and is truly dedicated to the best interest of, the person seeking relief. *Id.*

The United States Supreme Court has recognized that "next friend" status has "long been an accepted basis for jurisdiction in certain circumstances," including habeas petitions. *Whitmore*, 495 U.S. at 162-63.  However, courts must be critical when deciding to grant such standing.  Due to the high stakes involved, and because successive habeas petitions cannot be filed in Washington, district courts must be certain that the habeas petition is authorized by the petitioner.  For example, relatives are frequently granted "next friend" standing. *See Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) (recognizing "next friend" standing to father on behalf of son held as an enemy combatant); *Gilmore v. Utah*, 429 U.S. 1012, 1013-14 (1976) (granting "next

REPORT AND RECOMMENDATION - 3

friend" standing to mother on behalf of prisoner); *U.S. ex rel. Toth v. Quarles,* 350 U.S. 11, 13 (1955) (granting "next friend" standing to sister on behalf of prisoner in Korea).

However, the demonstration of a significant relationship with the petitioner alone is not enough, and both elements of the analysis are equally as important. *See, e.g., Demosthenes v. Baal*, 495 U.S. 731, 735 (1990) (denying "next friend" standing to parents on behalf of prisoner when there was no showing of mental incompetence); *Brewer v. Lewis*, 989 F.2d 1021, 1026 (9th Cir. 1993) (holding a mother lacked next friend standing to bring a stay of execution because she failed to show "meaningful evidence that the condemned prisoner was suffering from a mental disease, disorder or defect that substantially affected his capacity to make an intelligent decision." (internal quotations removed) (citing *Whitmore*, 495 U.S. at 166).

B. <u>Mr. Pigott has Not Satisfied the Necessary Requirements to Qualify for "Next Friend" Standing</u>

Mr. Pigott has not established that he has standing to bring this federal habeas action on behalf of Mr. Ira Washington. Specifically, Mr. Pigott has not established that he is a licensed attorney representing petitioner, or that he merits "next friend" standing. For example, the Court has no evidence that a significant relationship exists between Mr. Pigott and petitioner that would indicate Mr. Pigott is an appropriate person to serve as petitioner's next friend. In fact, Mr. Washington may be entirely unaware that Mr. Pigott has initiated this federal habeas action on his behalf. As the Court's letter to Mr. Washington was returned as undeliverable because Mr. Washington is no longer incarcerated at the SCORE facility, the Court has no ability to correspond with Mr. Washington and inquire as to whether he wishes to litigate this matter himself. Thus, Mr. Pigott has failed to demonstrate that he has standing to bring this federal habeas action on Mr. Washington's behalf as a "next friend," or any other basis.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003). Based on a thorough review of the record and analysis of the law in this case, the Court recommends that petitioner be denied a certificate of appealability with respect to the grounds raised in his petition.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that the Clerk STRIKE the proposed motion for emergency restraining order and related attachments, Dkt. 6, and that petitioner's habeas petition, Dkt. 1, be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 30, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 1, 2015.**

REPORT AND RECOMMENDATION - 5

1   This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 9th day of April, 2015.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6